IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-22531-CV-KING

JOAQUIN ILLANO,
and others similarly situated,

    Plaintiff,

vs.

H&R BLOCK EASTERN
ENTERPRISES,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR DECERTIFICATION

THIS CAUSE comes before the Court upon Defendant H&R Blocks Eastern Enterprises' Motion for Decertification (DE #134), filed September 16, 2010.[1] This matter pertains to the alleged violation of the Fair Labor Standards Act by H & R Block offices located in Miami-Dade County. This Court granted conditional certification for a collective action (DE #46) on February 11, 2010. Now, Defendant moves this Court to find that collective action is inappropriate. For the following reasons, the Court agrees that decertification is necessary.

### I. Background

As noted above, this is an FLSA action against H & R Block, which provides tax preparation assistance nationwide. Plaintiff filed his initial Complaint (DE #1) on August 27, 2009. Therein, Plaintiff alleged that he worked for Defendant H & R Block as a tax preparer, but that he was not properly compensated for the hours he worked in excess of forty hours-per-week because of certain actions taken by Defendant. Plaintiff alleged that Defendant's actions,

---

[1] This matter has been well briefed by the parties, as Plaintiffs filed a Memorandum of Law in Opposition to Defendant's Motion (DE #139) on October 3, 2010, to which Defendant filed a Reply (DE #141) on October 18, 2010. The matter is therefore ripe for consideration.

through its agents, were a consequence of a uniform plan to prevent appropriate compensation for overtime work by tax professionals employed by Defendant. Plaintiff purported to file suit on behalf of himself and all other similarly-situated individuals who had been employed by Defendant. While Plaintiff originally sought nationwide conditional certification of a class of over 80,000 people, (DE #12), this Court denied that motion without prejudice. Upon Plaintiff narrowing its request for conditional certification to only those individuals who had worked for Defendant in Miami-Dade County, this Court granted Plaintiff's action conditional collective certification. (DE #46).

## II. Legal Standard of Collective Action under FLSA

This Court has before noted the relevant provisions of the FLSA as it applies to actions such as this one. In sum, the FLSA permits "[a]n action to recover the liability prescribed [by the FLSA] [to] be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 USCS § 216(b).

In this instance, Plaintiffs allege that collective action is appropriate on the basis of a unified policy, plan, or scheme of FLSA violations by Defendant. (DE #1). *Cf. Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996). Therefore, this Court must now reconsider whether collective action is appropriate. As both parties agree, the Eleventh Circuit has suggested a two-step method for district courts to handle these "collective action" cases.

> The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision--usually based only on the pleadings and any affidavits which have been submitted--whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class. If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action

proceeds as a representative action throughout discovery.

The second determination is typically precipitated by a motion for 'decertification' by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives--i.e. the original plaintiffs--proceed to trial on their individual claims. Based on our review of the case law, no representative class has ever survived the second stage of review.

*Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001). Having permitted conditional certification of a class limited to Miami-Dade, this Court has already proceeded through the "fairly lenient" first step of the *Hipp* standard. Because Defendant has filed its Motion for Decertification, the Court must consider whether decertification is appropriate under the second step of *Hipp*.

The central question in determining the propriety of collective action is whether the proposed plaintiff class is "similarly situated." 29 U.S.C. 216(b). Certainly, Eleventh Circuit law is well-settled that, to be similarly situated, plaintiffs must have more in common than "the mere facts of job duties and pay provisions." *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). Other jurisdictions have considered the following factors:

(1) the disparate factual and employment settings of the individual plaintiffs;
(2) various defenses available to the defendant unique to each plaintiff; and
(3) fairness and procedural considerations.

*See, e.g., Pfohl v. Farmers Ins. Group.*, No. 03-3080, 2004 WL 554834, *2 (C.D. Cal. Mar. 1, 2004). The Court will consider these factors and others to determine if, based on a totality of circumstances, Plaintiffs are "similarly situated" for purposes of a collective action under the FLSA.

3

III. Discussion

In its motion, Defendant cites numerous reasons for why the conditionally-certified class must be decertified. In some fashion, each of those reasons evidences dissimilarity of the claims raised by Plaintiff and those who have opted-in to the collective action. According to Defendant, this dissimilarity is so pervasive that individual adjudication is more appropriate than collective action. Defendant's reasons for decertification include the following:

1) individual enforcement of overtime compensation by managers at each H & R Block office demands an individual inquiry into each instance of alleged violations of the FLSA;
2) some of the opt-in plaintiffs worked overtime, not because of "a single decision, policy, or plan," but for other reasons;
3) certain opt-in plaintiffs cannot even state prima facie claims under the FLSA; and
4) certain absolute defenses exist at least to some of the opt-in plaintiffs;

Plaintiffs counter that, because "similarly situated" need not be synonymous with "identical," they have sufficiently demonstrated the propriety of collective action. Plaintiffs, in part, rely upon deposition testimony of Defendant's corporate representative, Bill Purcell, in which Mr. Purcell states that H & R Block has a uniform, defined compensation program. Purcell Dep. 15:12-24. Additionally, Plaintiffs claim that, because Defendant's employees are bound by the same training and use the same scheduling program (DE #139 at 7), they are "similarly situated" for the purposes of this inquiry.

Plaintiff misunderstands the purpose of collective action in this context. Collective action under the FLSA is intended to make litigation more efficient for those individuals who have been injured by plan or purpose of a defendant. *See Reed v. Mobile County Sch. Sys.*, 246 F. Sup.. 2d 1227, 1233 (S.D. Ala. 2003) (noting that collective action is appropriate where overtime compensation was determined by decision-makers in "lockstep"). Most importantly, for collective action to be appropriate, the individuals seeking to bring collective action must be

similarly situated. This requirement is not intended to prevent recovery by individual plaintiffs. Instead, it is simply intended to limit collective action to those individuals that are similar enough to permit litigation by one court in one forum at one time.

Upon consideration of the evidence submitted by both parties, the Court holds that collective action is inappropriate here. Notwithstanding its earlier conditional recognition of a class under the "fairly lenient" standard required by *Hipp*, upon further consideration the Court finds that the plaintiffs in this matter are not so similarly situated as to make collective action appropriate.

Firstly, the Court notes that the disparate factual and employment setting of the individual Plaintiffs weighs against collective action. While Plaintiff Illano broadly suggests that a uniform national policy dictates the terms of his and others' compensation by Defendant (DE #139 at 1-2), the evidence suggests that the means of earning such compensation is defined on a far more discrete basis. Namely, each office owned by Defendant is managed by an Office Leader, whose job it is to ensure compliance with Defendant's policies. Baertschi Dep. at 7:11-8:1, 9:2-24, 18:15-19:7. The Office Leader reports to a District Manager, who, in turn, reports to a Regional Director. This hierarchy of supervision alone demonstrates that collective consideration of all offices run by Defendant within Miami-Dade County is inappropriate. See *Epps v. Oak Street Mortg. LLC*, 2006 WL 1460273 (M.D. Fla. May 22, 2006) (holding that determination of liability as to one manager was not dispositive of all managers' liability).

Even if Plaintiff could demonstrate a unifying plan emanating from Defendant's corporate office, enforcement of that plan would necessarily vary according to each office and to each district. Indeed, Defendant cites numerous examples of such variance, arising from the deposition testimony of several opt-in Plaintiffs. For example, one opt-in Plaintiff, Coleen Decrescente, admits that district managers manage their districts differently: "Well, I've been

through a lot of district managers over the years and what was acceptable under one was not necessarily acceptable with the next." Decrescente Dep. at 15:12-20. Similarly, other opt-in Plaintiffs note the different actions taken by their Office Leaders in addressing overtime compensation. According to Rita Greene, some Office Leaders notified her that she was approaching forty hours in an individual week, while other Office Leaders asked her to record her time differently depending on whether she was handling a client. Greene Dep. at 59:16-60:5; 105:3-18; 120:0-24. Likewise, a one-time Office Leader at an H & R Block in downtown Miami, testified, contrary to Plaintiff's own position, that she had never instructed her employees to work off the clock. Such contradictory testimony indicates that collective treatment for individuals who had worked under different Office Leaders would demand so much individual inquiry that the purpose behind collective action would be eviscerated. *See Diaz v. Elecs. Boutique of Am., Inc.*, No. 04-0840, 2005 WL 2654270 at *5 (W.D.N.Y. Oct. 17, 2005) (noting that, where allegations regarding insufficient compensation would require the "Court to conduct [individual] inquiry as to each other class member," collective action is inappropriate).

Plaintiffs, notwithstanding a desire to proceed collectively, cannot demonstrate that their claims for overtime payment emanated from a uniform treatment by Defendant. While Plaintiffs rely on a alleged policy or plan of denying overtime compensation by Defendants, such a policy is not dispositive in the context of certification. *See Pfohl*, 2004 WL 554834 at *9-10. Instead, it is the individual similarity between employees which controls. *Id.* Here, it is clear that the motivation for Plaintiffs' overtime work is as attributable to Plaintiffs' own choices as much as it is to any of Defendants' actions. *Cf. Velasquez v. HSBC Fin. Corp.*, 266 F.R.D. 424 (N.D. Cal. 2010) (finding diverse motivations for overtime work vitiated claim of a single decision, policy or plan to deny overtime compensation). Here, some Plaintiffs claim that they were ordered to

work off the clock,[2] while others stated that they worked off the clock of their own volition.[3] This lack of uniformity on such a central issue – whether Plaintiffs performed overtime work because of any alleged plan of Defendant's – cannot be permitted in a collective action under the FLSA. *See Velasquez*, 266 F.R.D. at 431-32.

Finally, the individual defenses available to Defendant as to certain Plaintiffs, although not dispositive, weigh against collective treatment. Of the individuals who have opted into the conditionally certified class, there is an undetermined number that would require individualized consideration regarding whether they are time-barred under the explicit provisions of the FLSA. Under the FLSA, it is well-settled that either a two-year or three-year statute of limitations applies to any claims that may be brought. The longer period is applicable only where the plaintiff can demonstrate that any violation of the FLSA by the defendant was willful. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135 (1988). Because some of Plaintiffs would be seeking to proceed under the three-year period, this Court would be required to determine, on an individual basis, whether Defendant's actions were willful. Such an inquiry would necessarily implicate many of the same concerns noted above regarding individual consideration of any alleged uniform policy and its application to specific Plaintiffs.

In sum, the totality of the circumstances therefore indicates that collective action is inappropriate in this instance. Regardless of whether a unified plan or policy existed to deny overtime compensation to Plaintiffs in this instance, in a collective action this Court would nonetheless be required to consider each individual employment context in determining how such a unified plan or policy was applied to each individual Plaintiff. Moreover, the Court would be required to consider the actual impact of such a unified plan or policy on each

---

[2] *See, e.g.*, Decrescente Dep. at 20:12-24, 24:6-25:7; Besil Dep. at 17:1-7; Hardemon Dep. at 73:24-74:10.
[3] *Cf.* Lugo Dep. at 68:1-69:14; Rivera Dep at 142.

individual Defendant. Such an individual inquiry is inappropriate for a collective action.

IV. Conclusion

Accordingly, after careful consideration of the record and the parties' legal memoranda and precedent, it is **ORDERED and ADJUDGED and DECREED** that:

1. Defendant's Motion for Decertification (DE# 134) be, and the same is hereby, **GRANTED**. The above-numbered matter is therefore **DECERTIFIED**.

2. The opt-in Plaintiffs are hereby **DISMISSED without prejudice** to file separate suits. If any opt-in Plaintiffs desire to bring individual suit, they must do so within the appropriate period of time defined by law.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 3d day of November, 2010.

/s/ James Lawrence King
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

Cc:

**Counsel for Plaintiff**
Anthony Maximillien Georges-Pierre, Esq.
Remer & Georges-Pierre PLLC
11900 Biscayne Boulevard
Suite 288
North Miami, FL 33181
305-416-5000
Fax: 305-416-5005
Email: agp@rgpattorneys.com

**Counsel for Defendant**
**Dennis Michael McClelland, Esq.**
Phelps Dunbar
100 S Ashley Drive
Suite 1900
Tampa, FL 33602-5311

813-472-7865
Fax: 472-7570
Email: dennis.mcclelland@phelps.com

**Julianne Popper Story, Esq.**
Husch Blackwell Sanders LLP
4801 Main
Suite 1000
Kansas City, MO 64112
816-983-8230
Email: julianne.popperstory@huschblackwell.com

**R. Anthony Costello, Esq.**
Husch Blackwell Sanders LLP
4801 Main Street
Suite 1000
Kansas City, MO 64112
816-983-8000
Email: tony.costello@huschblackwell.com