UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 09-22531-CIV-KING

JOAQUIN ILLANO,

    Plaintiff,

v.

H & R BLOCK EASTERN ENTERPRISES
d/b/a H R BLOCK,

    Defendant.
_____

## ORDER GRANTING IN PART DEFENDANT'S MOTION *IN LIMINE*, CONTINUING TRIAL

THIS MATTER comes before the Court upon Defendant H & R Block Eastern Enterprises' Motion *in Limine* (DE #175), filed March 14, 2011. In particular, Defendant seeks to prohibit the following evidence: 1) testimony from former opt-in plaintiffs without personal knowledge of Plaintiff's claims, 2) evidence of other lawsuits against H & R Block; 3) evidence not produced in discovery; 4) certain expert testimony;[1] 5) relative financial condition of the parties; 6) questions of law; 7) the Golden Rule; and 8) disposition of pre-trial motions.[2] Having been fully briefed by the parties and having heard oral argument by the parties at Pre-Trial conference on May 13, 2011, the Court finds that Defendant's Motion must be granted in part.

    1.    *Testimony at Trial*: Plaintiff will not be permitted to rely upon lay testimony of individuals without any personal knowledge relevant to Plaintiff's claims. Here, where Plaintiff would introduce over fifty witnesses of former opt-in plaintiffs with no personal knowledge of Plaintiff's claim, such evidence does not satisfy Federal Rule of Evidence 602,

---

[1] For the purposes of convenience, the Court has merged Defendant's objections to expert testimony.
[2] Plaintiff responded (DE #185) to Defendant's Motion in Limine on March 28, 2011.

which states that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. As such, unless based upon personal knowledge as to the specific basis for Plaintiff's claims, any testimony proffered by the former opt-in plaintiffs is disallowed.

    2.    *Evidence of Other Lawsuits*: Plaintiff may not introduce any evidence of other claims, lawsuits or investigations against H & R Block. Such evidence has no likelihood of proving any material facts relevant to Plaintiff's claims, particularly where this Court has previously found that class treatment is inappropriate here. *See Palmer v. Bd. of Regents of Univ. Sys. of Ga.*, 208 F.3d 969, 972-73 (11th Cir. 2000). As such, all such evidence will be excluded from trial.

    3.    *Evidence Not Produced in Discovery*: Defendant contends that Plaintiff should be prohibited from relying upon evidence that was not produced by Plaintiff in response to Defendant's relevant discovery requests. At oral argument, Defendant was able to specify only one discovery request, Defendant's First Request for Production, to which Plaintiff failed to respond. (DE #195). Because Plaintiff has not yet had an opportunity to respond to this specific claim, the Court reserves ruling on this issue at this time.

    4.    *Expert Testimony*: Defendant's Motion to exclude Plaintiff's proposed expert testimony has been mooted, as Plaintiff advised the Court on May 13, 2011 that it would introduce no expert testimony at trial.

    5.    *Relative Financial Condition of the Parties*: Because any evidence of Defendant's wealth or power and any relative disparity between the parties is irrelevant and immaterial to any material facts at issue, no party shall make any such reference during trial. *See, e.g., W. Union Tel. Co. v. Cashman*, 132 F. 805, 808 (5th Cir. 1904) (finding error where

evidence of corporate wealth was admitted with view to obtaining enhanced compensatory damage).[3]

6.  *Questions of Law*: No party shall seek either to testify as to personal opinion or elicit testimony regarding opinion concerning any questions of law, as such issues are solely for the Court to adjudicate.

7.  *The Golden Rule*: This issue is moot, as both parties have agreed that any violation of the Golden Rule may constitute basis for appeal and is therefore improper.

8.  *Disposition of Pre-Trial Motions*: No party shall comment or testify before the jury as to any pre-trial motions or rulings thereto, as such comment or testimony would not be relevant to any material facts at issue in the above-styled matter.

In addition, upon consideration of its trial docket, the Court finds that the scheduled trial for the above-styled matter must be continued to a later date, which will be set by separate order of the Court.

Accordingly, being fully advised of the parties' legal positions after review of the relevant filings and oral argument, it is **ORDERED, ADJUDGED,** and **DECREED** that:

1. Defendant's Motion in Limine (DE #175) be, and the same is hereby, **GRANTED in part**. As to whether certain evidence not produced in discovery is admissible, the Court **RESERVES** ruling at this time. Plaintiff, if he so elects, shall file a response to Defendant's Notice (DE #195) **within five days**. In all other respects, Defendant's Motion is **GRANTED**.

2. The Clerk shall, by separate order, **CONTINUE** the trial setting for the above-styled matter.

---

[3] In *Bonner v. City of Pritchard*, 661 F.2d 1206. 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding all Fifth Circuit precedent decided prior to September 30, 1981.

DONE AND ORDERED in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse in Miami, Florida, this 18th day of March, 2011.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:

**Counsel for Plaintiff**
**Anthony Maximillien Georges-Pierre, Esq.**
Remer & Georges-Pierre PLLC
11900 Biscayne Boulevard
Suite 288
North Miami, FL 33181
305-416-5000
Fax: 305-416-5005
Email: agp@rgpattorneys.com

**Jason Saul Remer**
Remer & Georges-Pierre PLLC
11900 Biscayne Boulevard
Suite 288
North Miami, FL 33181
305-416-5000
Fax: 305-416-5005
Email: jremer@rgpattorneys.com

**Counsel for Defendant**
**Dennis Michael McClelland**
Phelps Dunbar
100 S Ashley Drive
Suite 1900
Tampa, FL 33602-5311
813-472-7865
Fax: 472-7570
Email: dennis.mcclelland@phelps.com

**Erin L Malone**
Phelps Dunbar LLP
100 S. Ashley Dr., Suite 1900
Tampa, FL 33602

(813) 472-7891
Email: erin.malone@phelps.com

**Alexander J. Passantino**
Seyfarth Shaw, LLP
975 F. Street, NW
Washingtion, DC 20004
202-463-2400
Email: apassantino@seyfarth.com

**Andrew M. Paley**
Seyfarth Shaw LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067
310-277-7200
Email: apaley@seyfarth.com

**Clayton D. Craighead**
Seyfarth Shaw, LLP
700 Louisiana, Suite 3700
Houston, TX 77002
713-225-2300
Email: ccraighead@seyfarth.com

**Douglas B. Lipsky**
Seyfarth Shaw, LLp
620 8th Avenue, 32nd Floor
New York, NY 10018
212-218-5500
Email: dlipsky@seyfarth.com


**Erin M. Wetty**
Seyfary Shaw, LLP
1545 Peachtree Street, NE, Suite 700
Atlanta, GA 30309-2401
404-885-6741
Email: ewetty@seyfarth.com

**Esteban Shardonofsky**
Seyfarth Shaw, LLP
700 Louisiana, Suite 3700
Houston, TX 77002
713-225-2300
Email: sshardonofsky@seyfarth.com

**James M. Hlawek**
Seyfarth Shaw, LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
617-946-4895
Email: jhlawek@seyfarth.com